1 | Joseph S. Farzam, SBN 210817
2 | **JOSEPH FARZAM LAW FIRM**
  | A Professional Law Corporation
3 | 11766 Wilshire Blvd., Suite 280
4 | Los Angeles, California 90025
  | Telephone: (310) 226-6890
5 | Fax: (310) 226-6891
6 | eservice@farzamlaw.com

7 | Attorneys for Plaintiff, BRIAN LUGRAIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| BRIAN LUGRAIN, an individual, | Case No.: 2:20- CV-10249-VAP-SK |
|---|---|
| Plaintiff, | *Judge Virginia A. Phillips*<br>*Magistrate Judge Steven Kim* |
| vs. | **PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER FOR LEAVE TO SEEK RELIEF BY MODIFYING UNADOPTED PROPOSED SCHEDULING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF; DECLARATION OF JOSEPH FARZAM; [PROPOSED] ORDER** |
| EKO NORTH AMERICA, INC., a Florida Corporation; EKO USA, LLC, a foreign Limited Liability Company; EKO DEVELOPMENT, LTD., a foreign corporation; COSTCO WHOLESALE CORPORATION, a Washington Corporation; and DOES 1-25, inclusive, | |
| Defendants. | |

Plaintiff, BRIAN LUGRAIN (hereinafter "Plaintiff"), by and through his attorney, Joseph Farzam, hereby applies to the Court, *ex parte*, for an order granting leave to seek relief by modifying the unadopted proposed Scheduling

Order. This ex parte application is based on the fact that the court has never adopted the proposed Order, no Scheduling Order was ever issued for this case, and even if the court deems the unadopted scheduling Order as valid, good cause exists for this Court to grant Plaintiff leave of court to modify the unadopted proposed Order.

Pursuant to Federal Rules of Civil Procedure Rule 16 and based on this application, the supporting Declaration, the attached memorandum of points and authorities, and the file herein, Plaintiff moves this Court for an Order Seeking Relief.

Date: April 20, 2022

_____
Joseph S. Farzam, Esq.
Attorney for Plaintiff,
BRIAN LUGRAIN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND STATEMENT OF FACTS

This matter is a product liability case involving Sensible Eco Living 8L Stainless Steel Step Trash Can, ITM./ART. 709890 (the "PRODUCT") distributed by Costco Wholesale Corporation ("COSTCO") and manufactured by the EKO Defendants (hereinafter collectively, "Defendants"). PRODUCT was dangerously and unreasonably defective in its design and/or manufacture in that there was inadequate guarding to prevent a consumer from laceration, and/or it failed to carry sufficient warnings. Plaintiff purchased and used PRODUCT in his home in a foreseeable manner. The PRODUCT's black protective collar on the bottom of the PRODUCT became dislodged and a sharp edge was then exposed and severely injured the Plaintiff.

On March 1, 2021, the parties filed their Joint Rule 26(f) Report, but they failed to file Form CV-11D. As a result, the court did not adopt the schedule of pretrial and trial dates timetable, and Plaintiff's office never received a signed Scheduling Order from the Court to calendar the pretrial and trial deadlines. (Akbarian Decl. ¶ 3.) Consequently, the calendaring clerk at Plaintiff's firm never calendared the proposed dates, resulting on all dates coming and passing. (Akbarian Decl. ¶ 3.) Since that time, Plaintiff has served written responses to interrogatories and requests for production propounded by Defendants on July 6, 2021, appeared for his deposition on August 26, 2021, and cooperated with Defense Medical Examination of Plaintiff on December 3, 2021. On the other hand, due to the calendar error and through inadvertence, Plaintiff did not initiate written or deposition discovery and did not disclose experts so as to fall within the unadopted scheduling Order.

This Court will irreparably prejudice Plaintiff if it does not grant him *ex parte* relief to modify the Order's discovery deadline, because Plaintiff will be

1  unable to conduct necessary discovery to satisfy his burden of proof due to
2  excusable negligence. Plaintiff therefore requests this Court grant him *ex parte*
3  relief to seek leave to modify the Order's discovery timetable.

## II.  *EX PARTE* RELIEF IS APPROPRIATE BECAUSE THERE IS A GENUINE URGENCY THAT IMMEDIATE AND IRREPARABLE INJURY WILL RESULT TO PLAINTIFF

*Ex parte* relief is appropriate when there is some genuine urgency that "immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or his attorney can be heard in opposition. *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193–4 (C.D. Cal. 1989). To justify *ex parte* relief, the moving party must show his cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. He must also show he is without fault in creating the crisis that requires such relief or that the crisis occurred as a result of excusable neglect. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995)

In this case, *ex parte* relief is appropriate because Plaintiff will be irreparably injured without such relief.  Per the current unadopted Order, the deadline to file Dispositive Motions is on April 15, 2022, and Defendants filed a motion for summary judgment on April 15, 2022. Plaintiff will be unable to seek relief from the Order's deadlines on regular notice prior to his deadline to file an opposition and therefore will be irreparably prejudiced as a result. Plaintiff thus respectively requests this Court to provide *ex parte* relief to modify the unadopted Scheduling Order and continue Defendant's motions until after discovery is complete and experts disclosed.

/ / /

/ / /

---

**PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER FOR LEAVE TO SEEK RELIEF BY MODIFYING UNADOPTED PROPOSED SCHEDULING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF; DECLARATION OF JOSEPH FARZAM; [PROPOSED] ORDER**

-1-

### III.     NO SCHEDULING ORDER WAS EVER ISSUED PURSUANT TO PARTIES JOINT RULE 26(f) REPORT:

On March 1, 2021, the parties filed their Joint Rule 26(f) Report. Due to inadvertent mistake, they failed to file Form CV-11D to consent to the Magistrate Judge. As a result, the court did not adopt the schedule of pretrial and trial dates timetable within the Joint Rule 26(f) Report.

It is Plaintiff's office practice to calendar pretrial and trial deadlines upon receiving a signed Scheduling Order from the court. (Akbarian Decl. ¶ 2.) In this particular situation, the Court never issued Scheduling Order and as a result, Plaintiff's office failed to calendar the dates. (Akbarian Decl. ¶ 3.)

Upon discovering the issue, Plaintiff's counsel proposed new dates for Pretrial and Trial to Defendant's counsel, Max H. Trembitsky from Gordon Rees Scully Mansukhani, via email which he informed Plaintiff's counsel that he is opposed to any modification of the unadopted proposed Order.

Since no Scheduling Order was ever issued, Plaintiff therefore requests this Court grant him *ex parte* relief to seek leave to modify the unadopted Scheduling Order as follows:

| Initial Disclosure | April 27, 2022 |
|---|---|
| Expert Disclosure (initial) | June 15, 2022 |
| Expert Disclosure (rebuttal) | July 15, 2022 |
| Fact Discovery Cut-off | November 15, 2022 |
| Expert Discovery Cut-off | December 6, 2022 |
| Deadline to file Dispositive Motions | October 15, 2022 |
| Pre-Trial Conference | February 13, 2023 |
| Trial | March 14, 2023 (3-5 days trial) |

## IV. GOOD CAUSE EXISTS TO MODIFY THE ORDER

Assuming the Court is adverse to Plaintiff's view that the parties were not obligated to comply with the unadopted Scheduling Order, then Good Cause exist to Modify the Order under Fed.R.Civ.P. 16(b).

District courts have "broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir.2011). Orders entered before the final pretrial conference may be modified upon a showing of "good cause," Fed.R.Civ.P. 16(b). Although diligence is the focus of the Rule 16, the "existence or degree of prejudice to the party opposing the motion" is also relevant." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992).

To demonstrate diligence, the moving party may be required to show: (1) that it was diligent in assisting the Court in creating a workable Rule 16 scheduling order; (2) that its noncompliance with the scheduling order's deadline occurred or will occur notwithstanding diligent efforts to comply because of "the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference;" and (3) that it was diligent in seeking amendment of the scheduling order. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D.Cal.1999).

### A. *Plaintiff Has Been Diligent:*

Despite the mentioned calendar error regarding unissued Scheduling Order, Plaintiff has been diligent per the test enunciated in *Jackson v. Laureate, Inc.*, supra, in that (i) Plaintiff's counsel was diligent in assisting the Court create a workable Rule 16 scheduling order, and (ii) has moved the case forward by providing Defendant with responses to Defendant's discovery on July 6, 2021, sitting for deposition on August 26, 2021, and cooperating with the Defense

Medical Examination of Plaintiff on December 3, 2021. While Plaintiff has failed to propound any interrogatories and/or take any depositions, the point here is that Plaintiff did not evade discovery nor attempt to obstruct it. Moreover, Plaintiff's counsel makes this application upon discovery of the need to propound discovery and notice of Defendant's deposition.

### B. There Would Be No Prejudice to Defendant:

There would be no prejudice to Defendant in granting the requested relief. Defendant has propounded written discovery and secured responses, has taken Plaintiff's deposition, and has conducted the defense medical examination. Moreover, no trial date has been set.

### DEFENSE COUNSEL INFORMATION PER L.R. 7-19

SETH A. NIRENBERG (Pro Hac Vice) of GORDON REES SCULLY MANSUKHANI, LLP 633 West Fifth Street, 52nd Floor Los Angeles, CA 90071 Telephone: (213) 576-5054 Facsimile: (213) 680-4470, Email address: snirenberg@grsm.com

### I. CONCLUSION

For the reasons stated above, Plaintiff respectively requests this Court to exercise its discretion by granting Plaintiff *ex parte* relief to seek leave to modify the unadopted proposed Scheduling Order.

Date: April 20, 2022

/s/ Farzam
_____

Joseph S. Farzam, Esq.
Attorney for Plaintiff,
BRIAN LUGRAIN

---

**PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER FOR LEAVE TO SEEK RELIEF BY MODIFYING UNADOPTED PROPOSED SCHEDULING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF; DECLARATION OF JOSEPH FARZAM; [PROPOSED] ORDER**

-1-

## DECLARATION OF JOSEPH FARZAM

I, Joseph Farzam, declare as follows:

1. I am an attorney licensed to practice law in California and in the United States District Court of California. I have personal knowledge of the facts set forth in this declaration and if called upon, would and could testify thereto.

2. I am counsel of record for Plaintiff, BRIAN LUGRAIN.

3. I submit my declaration in support of his *ex parte* application for relief.

4. I am familiar with the facts of this case and have reviewed the attached exhibit to my declaration.

5. Attached as **Exhibit A** is a true and correct copy of the parties unadopted proposed Scheduling Order.

6. My office proposed new dates for Pretrial and Trial to Defendant's counsel, Max H. Trembitsky from Gordon Rees Scully Mansukhani, via email which he informed Plaintiff's counsel that he is opposed to any modification of the unadopted proposed Order.

7. On April 20, we provided defense counsel notice of this ex parte hearing orally by telephone prior to 10:00 AM per L.R. 7-19.1.

I declare the foregoing to be true and correct under the penalty of perjury laws of the State of California.

Executed on April 20, 2022, in Los Angeles County, California

*Farzam*
_____

Joseph S. Farzam, Esq.
Attorney for Plaintiff,
BRIAN LUGRAIN

---

**PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER FOR LEAVE TO SEEK RELIEF BY MODIFYING UNADOPTED PROPOSED SCHEDULING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF; DECLARATION OF JOSEPH FARZAM; [PROPOSED] ORDER**
-1-

# DECLARATION OF HILDA AKBARIAN

I, Hilda Akbarian, declare as follows:

1. I work at Farzam Law Firm as a clerk who is responsible for calendaring the dates and deadlines including dates and deadlines related to this case. I have personal knowledge of the facts set forth in this declaration and if called upon, would and could testify thereto.

2. It is our office procedure to only calendar scheduling orders when they are adopted and ordered by the court and not when they are proposed by counsel as many times courts modify the proposed schedule.

3. Our office never received a signed Scheduling Order from the Court to calendar the pretrial and trial deadlines. Consequently, I failed to calendar the dates proposed which would have also triggered reminders for our attorneys to conduct written discovery and disclose experts, resulting on all dates coming and passing.

I declare the foregoing to be true and correct under the penalty of perjury laws of the State of California.

Executed on April 20, 2022, in Los Angeles County, California

                           /s/ Hilda Akbarian
                           Hilda Akbarian

# ***EXHIBIT A***

|   |   |
|---|---|
| 1 | KATHERINE P. VILCHEZ (SBN: 212179) |
|   | kvilchez@grsm.com |
| 2 | GORDON REES SCULLY MANSUKHANI, LLP |
|   | 275 Battery Street, Suite 2000 |
| 3 | San Francisco, CA 94111 |
|   | Telephone: (415) 875-3193 |
| 4 | Facsimile: (415) 986-8054 |
| 5 | Attorney for Defendants |
|   | EKO NORTH AMERICA, INC. |
| 6 | EKO USA, LLC, |
|   | EKO DEVELOPMENT LTD., and |
| 7 | COSTCO WHOLESALE CORPORATION |

UNITED STATES DISCTRIC COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN LUGRAIN, an individual, | CASE NO.: 2:20- CV-10249-VAP-SK |
| Plaintiff, | *Assigned To The Hon. Virginia A. Phillips and Magistrate Judge Steve Kim* |
| vs. | **JOINT RULE 26(F) REPORT** |
| EKO NORTH AMERICA, INC., a Florida Corporation; EKO USA, LLC, a foreign Limited Liability Company; EKO DEVELOPMENT, LTD., a foreign corporation; COSTCO WHOLESALE CORPORATION, a Washington Corporation; and DOES 1-25, inclusive, | |
| Defendants. | |

The parties hereto, plaintiff Brian Lugrain ("Plaintiff") and defendants EKO North America, Inc., EKO USA, LLC, EKO Development, Ltd. and Costco Wholesale Corporation ("Defendants"), by and through their respective attorneys of record, jointly file this report under Federal Rule of Civil Procedure 26(f) and the Court's Order Setting Scheduling Conference DATED November 19, 2020 (Docket #13).

The parties conducted a meeting on February 16, 2021, and report the following:

//

A. **Subject Matter Jurisdiction, Personal Jurisdiction, Venue, and Service**

The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332.

There are no issues of personal jurisdiction or venue.

No parties remain to be served.

B. **Facts/Statement of the Case**

This is a products liability case involving a Sensible Eco Living 8L Stainless Steel Step Trash Can, ITM./ART. 709890 ("Trash Can") allegedly distributed by Costco Wholesale Corporation ("Costco") and allegedly manufactured by the EKO Defendants.

Plaintiff alleges that on August 25, 2018, he was using the Trash Can at his home located in West Hollywood, California. As he was using it, the black protective collar on the bottom of the Trash Can became dislodged, exposing a sharp metal edge, which lacerated his left hand.

C. **Legal Issues**

**Plaintiff:** Plaintiff alleges that the Trash Can was Defectively Designed and/or Manufactured by Defendants. Plaintiff also alleges that the Trash Can was unaccompanied by proper warnings regarding all possible adverse side effects associated with the use of the Trash Can. Plaintiff further alleges that Defendants breached the implied warranties of merchantability. Plaintiff further asserts that Defendants are liable for Negligent Products Liability and Negligent Infliction of Emotional Distress due to the incident.

**Defendant:** Defendants deny that the Trash Can was defectively designed and/or manufactured. Defendants also deny all additional allegations asserted by Plaintiff. Further, if Defendants are found liable in this action, any recovery must be reduced based on Plaintiff's comparative negligence due to his misuse of the Trash Can.

D. **Motions**

**Plaintiff**: There are no prior or pending motions.

**Defendants**: There are no prior or pending motions. However, Defendants reserve the right to file a motion for summary judgment to dismiss Plaintiff's action on

the issues listed above.

E. **Amendment of Pleadings**

The Parties do not anticipate a need to amend the pleadings, but the Parties reserve the right to do so as may become necessary.

F. **Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See* ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

Additionally, the Trash Can subject to this Complaint has been preserved and is presently in the possession of Plaintiff's Counsel.

G. **Disclosures**

The Parties have not yet made their initial disclosures pursuant to Fed. R. Civ. P. 26. However, the Parties will do so in a timely manner pursuant the discovery schedule set forth below.

H. **Discovery**

**Plaintiff:** The Parties have not engaged in any written discovery to date. Plaintiff intends to propound Requests for Admissions, Requests for Production of Documents and Interrogatories. Plaintiff intends to perform an inspection of the trash can at issue and seek all documents relating to the product's design, manufacture, fabrication and assembly. Plaintiff also intends to depose Defendants' representatives who are best suited to testify as to the product's design, manufacture, fabrication and assembly.

**Defendants:** The Parties have not engaged in any written discovery to date. Defendants intend to propound Requests for Admissions, Requests for Production of Documents and Interrogatories. Defendants will seek all documents relating to the allegations in the Complaint from Plaintiff, including all communications with insurance carriers, and all medical record. Defendants will depose Plaintiff as to the veracity of

the allegations in his Complaint and the basis for his claims against Defendants.

I. **Class Actions**

This is not a Class Action matter.

J. **Related Cases**

The Parties are not aware of any related cases or proceedings.

K. **Relief**

Plaintiff requests the following relief:

1. For general damages in an amount according to proof at trial and beyond the jurisdictional minimum of this Court.
2. For medical and related expenses according to proof at trial;
3. For economic losses in an amount according to proof at trial;
4. For costs of the suit herein;
5. For applicable statutory interest as provided by law;
6. Punitive and exemplary damages according to proof;
7. For such other and further relief as the Court may deem just and proper.

Defendants request the following relief:

1. That Plaintiff take nothing by way of his Complaint;
2. For attorneys' fees;
3. For costs of suit herein; and,
4. For such other and further relief as the Court may deem just and proper.

L. **Settlement and ADR**

The Parties have engaged in limited settlement discussions, aimed at complying with L.R. 16-2.9 and L.R. 16-15. The Parties believes that settlement discussions will benefit from further development of the factual record.

M. **Consent to Magistrate Judge For All Purposes**

The Parties unanimously consent to the assignment of a Magistrate Judge for all purposes in this matter.

N.  **Other References**

The Parties do not believe that the appointment of a special master is necessary in this matter. Similarly, the Parties do not believe that this case is suitable for reference to binding arbitration or the Judicial Panel on Multidistrict Litigation.

O.  **Narrowing of Issues**

The Parties are unaware of any current means to narrow the issues. However, the Parties believe that such means may present themselves from further development of the factual record.

P.  **Expedited Trial Procedure**

The Parties do not believe this is the type of case that can be handled under the expedited trial procedure.

Q.  **Scheduling**

| Item | Plaintiff's Request | Defendants Request |
|---|---|---|
| Initial Disclosure | March 31, 2021 | March 31, 2021 |
| Last Day to Serve Initial Expert Reports (if any) | December 15, 2021 | December 15, 2021 |
| Last Day to Serve Rebuttal Expert Reports (if any) | January 15, 2022 | January 15, 2022 |
| Fact Discovery Cut-off | November 15, 2021 | November 15, 2021 |
| Expert Discovery Cut-off | March 15, 2022 | March 15, 2022 |
| Deadline to File Dispositive Motions | April 15, 2022 | April 15, 2022 |
| Pre-Trial Conference | June 30, 2022 | June 30, 2022 |
| Trial (Est. days) | September 12, 2022 (3-5 days) | September 12, 2022 (3-5 days) |

R. **Trial**

**Plaintiff:** requests 3-5 day jury trial.

**Defendants:** request 3-5 day jury trial

S. **Professional Conduct**

**Plaintiff:** Plaintiff's attorney of record has reviewed L.R. 83-3.1.2 the Standards of Professional Conduct for the Central District of California.

**Defendants:** Defendants' attorney of record has reviewed L.R. 83-3.1.2 the Standards of Professional Conduct for the Central District of California.

T. **Other**

The Parties are unaware of any remaining matters that may facilitate the just, speedy and inexpensive disposition of this matter.

DATED: March 1, 2021

GORDON REES SCULLY
MANSUKHANI, LLP

By: _____
Katherine Vilchez
Attorneys for Defendants
EKO NORTH AMERICA, INC., EKO
USA LLC, EKO DEVELOPMENT,
LTD., and COSTCO WHOLESALE
CORPORATION

JOSEPH FARZAM
LAW FIRM

By: _____
Joseph Farzam
Attorneys for Plaintiff
BRIAN LUGRAIN

Name, Address and Telephone Number of Attorney(s):

Katherine P. Vilchez, 275 Battery St., Ste 2000, San Francisco, CA 94111, (415) 875-3193

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRIAN LUGRAIN** <br><br> v. <br><br> Plaintiff(s) | **CASE NUMBER** <br><br> 2:20-CV-10249-VAP-SK |
| **EKO NORTH AMERICA, INC., et al.** <br><br> Defendant(s). | **REQUEST:** <br> **ADR PROCEDURE SELECTION** |

Pursuant to L.R. 16-15, the parties request that the Court approve the following ADR procedure:

☑ **ADR PROCEDURE NO. 1** - The parties shall appear before the
  ☑ magistrate judge assigned to the case *or* ☐ the magistrate judge in Santa Barbara
  for such settlement proceedings as the judge may conduct or direct.

☐ **ADR PROCEDURE NO. 2** - The parties shall appear before a neutral selected from the Court's Mediation Panel.

☐ **ADR PROCEDURE NO. 3** - The parties shall participate in a private dispute resolution proceeding.

Dated: 3-1, 2021

Attorney for Plaintiff _Joseph S. Farzam, Esq._

Dated:

Attorney for Plaintiff

Dated: March 1, 2021

Attorney for Defendant EKO NORTH AMERICA, INC. EKO USA, LLC; EKO DEVELOPMENT LTD., AND COSTCO WHOLESALE CORPORATION

Dated:

Attorney for Defendant

NOTE: If additional signatures are required, attach an additional page to this request.

ADR-01 (04/18)      REQUEST: ADR PROCEDURE SELECTION      Page 1 of 1

KATHERINE VILCHEZ (SBN: 212179)
kvilchez@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 875-3193
Facsimile: (415) 986-8054

Attorneys for Defendants
EKO NORTH AMERICA, INC.
EKO USA, LLC;
EKO DEVELOPMENT LTD and
COSTCO WHOLESALE CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN LUGRAIN, an individual, | CASE NO. 2:20-CV-10249-VAP-SK |
| Plaintiff | |
| vs. | **CERTIFICATE OF SERVICE** |
| EKO NORTH AMERICA, INC., a Florida Corporation; EKO USA LLC, a foreign Limited Liability Company; EKO EVELOPMENT LTD., a foreign corporation; a Washington Corporation; and DOES 1-25, inclusive | |
| Defendants. | |

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 275 Battery Street, 20th Floor, San Francisco CA 94111.

On the date set forth below, I served on the party listed below the foregoing document(s) described as:

**1. JOINT RULE 26(F) REPORT**

**2. REQUEST; ADR PRCEDURE SELECTION**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| Joseph S. Farzam<br>Farzam Law Firm<br>11766 Wilshire Blvd., Suite 280<br>Los Angeles, CA 90025<br>Tel.: (310) 226-6890<br>Fax: (310) 226-6891<br>Email: Joseph@farzamlaw.com<br>*Attorney for Plaintiffs* | *Attorneys for Plaintiff*<br><br>BRIAN LUGRAIN |
|---|---|

Executed on **March 1, 2021**, at San Francisco, California.

   /s/ Jesica Cortez   
       Jesica Cortez