MANUEL SALDANA (SBN: 137060)
msaldana@grsm.com
NICOLE M. ORTIZ (SBN: 315833)
nortiz@grsm.com
SETH A. NIRENBERG (Admitted *Pro Hac Vice*)
snirenberg@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5054
Facsimile: (213) 680-4470

Attorney for Defendants
EKO NORTH AMERICA, INC.
EKO USA, LLC,
EKO DEVELOPMENT LTD., and
COSTCO WHOLESALE CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN LUGRAIN, an individual,<br><br>                      Plaintiff,<br><br>       vs.<br><br>EKO NORTH AMERICA, INC., a Florida Corporation; EKO USA, LLC, a foreign Limited Liability Company; EKO DEVELOPMENT, LTD., a foreign corporation; COSTCO WHOLESALE CORPORATION, a Washington Corporation; and DOES 1-25, inclusive,<br><br>                      Defendants. | **CASE NO.: 2:20-cv-10249-VAP-SK**<br><br>**Judge Virginia A. Phillips**<br><br>**Magistrate Judge Steven Kim**<br><br>**DEFENDANTS EKO NORTH AMERICA, INC., EKO USA, LLC, EKO DEVELOPMENT, LTD. and COSTCO WHOLESALE CORPORATION'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER FOR LEAVE TO SEEK RELEIF BY MODIFYING UNADOPTED PROPOSED SCHEDULING ORDER**<br><br>Action Filed: August 20, 2020<br>Trial Date: September 12, 2022 |

Defendants EKO NORTH AMERICA, INC., EKO USA, LLC, EKO DEVELOPMENT, LTD. and COSTCO WHOLESALE CORPORATION,

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-1-

("Defendants"), submit the following opposition to Plaintiff BRIAN LUGRAIN'S Ex Parte Application for an Order for leave to seek relief by modifying the unadopted proposed scheduling order.

## I.    INTRODUCTION

Plaintiff's Ex Parte Application offers a fabricated narrative of the facts referable to this matter and is devoid of any good cause for its requested relief. This is because Plaintiff wants to avoid having to face the consequences of a blatant lack of due diligence and failure to prosecute in every sense and at every stage of this case.

As an initial matter, Plaintiff's application is defective in light of their failure to make reasonable, good faith efforts to orally advise Defendants of their application prior to filing. Incredibly, Plaintiff's moving papers assert that they provided defense counsel notice of the underlying application orally by telephone prior to filing the same as required per L.R.7-19.1, but this is not true. Plaintiff's legal assistant, Hilda Akbarian, left a voice mail with defense counsel at 8:36 A.M. whereby the application was mentioned and no other efforts were made. Declaration of Seth A. Nirenberg ("Nirenberg Decl.") at ¶ 14. Very shortly thereafter, Ms. Akbarian emailed Defendants at 8:39 A.M. asserting the same and proceeded to file their application seven (7) minutes later at 8:46 A.M. *Id*. Thus, Plaintiff's application should respectfully not be considered for this failure alone. The application is also meritless, and defective procedurally on several other grounds, as explained below.

## II.    LEGAL STANDARD

As Plaintiff's counsel admits within their underlying papers, an ex parte application should not be heard where the moving party is at fault in creating the situation that requires relief. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995).

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

-2-

"Merely showing that trial is fast approaching and that the opposing party still has not answered crucial interrogatories is insufficient to justify ex parte relief. The moving party must also show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period." *Id*. "As Judge Rymer warned, "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have...." *See Id* quoting *In re Intermagnetics America, Inc.,* 101 B.R. at 193 (C.D.Cal.1989).

As elucidated below, not only is Plaintiff undisputedly at fault for creating the situation they are seeking to alter, but they have been entirely delinquent in seeking relief at the appropriate times and showed absolutely no due diligence since initiating this action.

## III.    ARGUMENT

### A.    Ex parte relief is inappropriate and unjustified

It is undisputed that while the Defendants dutifully complied with every deadline, deadlines which the parties negotiated as part and parcel of their Joint Rule 26(F) Report ("26(F) Report"), Plaintiff ignored the same[1].

On February 16, 2021, the parties conducted a meeting wherein all of the terms and deadlines ascribed in the 26(F) Report were negotiated and agreed upon. Nirenberg Decl. at ¶ 3. Notably, all of the requested discovery dates within the 26(F) Report were identical for both Plaintiff and Defendants. Nirenberg Decl. at ¶ 4.

After the 26(F) Report was duly executed by all of the relevant parties, the report was filed with the Court on March 1, 2021 (Docket # 20). On March 2, 2021, the Court issued a Minute Order noting that the "Court has reviewed the parties' Joint Rule 26(f) Report. (Dkt. No. 20.) In the 26(F) Report, the parties state

---

[1] Plaintiff's lack of prosecution and lack of diligence forms, in part, the basis for Defendant's motion to dismiss which was filed on April 15, 2022. See Dckt 40.

<div style="margin-left:auto; text-align:left;">

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

</div>

-3-

DEFENDANTS EKO NORTH AMERICA, INC., EKO USA, LLC, EKO DEVELOPMENT, LTD. AND COSTCO WHOLESALE CORPORATION'S OPPOSITION OT PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER FOR LEAVE TO SEEK RELIEF BY MODIFYING UNADOPTED PROPOSED SCHEDULING ORDER

they "unanimously consent to the assignment of a Magistrate Judge for all purposes in this matter." (*Id*. at 4.) The Court directed the parties, by no later than March 10, 2021, to complete and submit Civil Form No. CV-11D" (Docket # 23).

At that time, this Honorable Court did not particularize any material issues regarding the 26(F) Report itself. *Id*. While the parties never refiled the 26(F) Report with the Form CV-11D, the agreed upon deadlines were nonetheless relied upon and adhered to despite the parties' administrative error. Nirenberg Decl. at ¶ 7.

At no point did Plaintiff make any efforts to refile the 26(F) Report with the Form CV-11D or dispute the veracity of the agreed upon deadlines. *Id*. Instead, plaintiff's counsel deliberately ignored the same. Accordingly, plaintiff's counsel is fundamentally at fault for the situation they are seeking to remediate, thus negating their justification for their sought after relief. *See Mission Power Eng'g Co.*

### B.    There is no good cause to modify the agreed to 26(F) Report

After the close of expert discovery as per the agreed upon 26(F) Report, on January 20, 2022, Plaintiff's counsel informed the undersigned that they planned to move to extend the deadlines contained within the 26(F) Report. Nirenberg Decl. at ¶ 11. This clearly illustrates that Plaintiff was operating under the assumption that the 26(F) Report was duly entered since they would not otherwise need to extend the deadlines within the Order. Notably, Plaintiff never filed the referenced motion, conceivably acknowledging that there was no good faith basis to do so.

Under normal circumstances, the Defendants would consent to extending the deadlines contained within the 26(F) Report, however, Plaintiff's request only came after Defendants served their expert disclosures. Thus, Defendants would be extremely prejudiced to re-open fact discovery now having revealed the particulars

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

DEFENDANTS EKO NORTH AMERICA, INC., EKO USA, LLC, EKO DEVELOPMENT, LTD. AND COSTCO WHOLESALE CORPORATION'S OPPOSITION OT PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER FOR LEAVE TO SEEK RELIEF BY MODIFYING UNADOPTED PROPOSED SCHEDULING ORDER

1    of their defenses.

2        On March 16, 2022, more than two months after Plaintiff's counsel

3    indicated they would seek an extension of discovery deadlines, plaintiff's legal

4    assistant, Hilda Akbarian, contacted this Honorable Court to confirm whether or

5    not a trial date was set. Nirenberg Decl. at ¶ 12. In response to Ms. Akbarian's

6    inquiry, the Courtroom Deputy indicated that no trial date was set since a

7    Scheduling Order had yet to be issued. *Id*. Notably, the Scheduling Order was not

8    issued because Plaintiff's never filed the requisite documentation.

9        Alarmingly, while the parties were unequivocally made aware of the issue

10   on March 16th, Plaintiff's ex parte application claims that upon discovering said

11   issue they proposed new dates to Defendants' counsel. (Akbarian Declaration

12   annexed to Plaintiff's ex parte application at ¶ 3). However, in reality, plaintiff's

13   counsel did not propose any new dates to Defendants' counsel until April 12, 2022,

14   after Defendants made repeated efforts to contact Plaintiff. Nirenberg Decl. at ¶

15   14.

16       Plaintiff's want of attention toward the agreed upon deadlines and fabrication

17   of their attempts to remediate the situation should not be rewarded, particularly

18   where the Defendants revealed their defenses and dutifully proceeded with

19   discovery. Providing Plaintiff with a chance to extend all the previously agreed to,

20   but unilaterally ignored, deadlines would severely undermine that sanctity of the

21   judicial system and gravely prejudice the Defendants. To the contrary, Plaintiff

22   should be sanctioned for this frivolous application and blatant attempt to

23   circumvent the consequences of their inaction.

24   **C.    Plaintiff's counsel has not been diligent in their discovery efforts**

25       While plaintiff's counsel produced the Plaintiff for his Deposition and

26   Independent Medical Examination, they never served any demands, deposition

27   notices, expert disclosures nor a dispositive motion. Instead of participating in the

28

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

discovery process or even requesting an extension of time to do so for over a year's time, Plaintiff waited until the Defendants revealed the particulars of their defenses and served their expert disclosures to informally request an extension of time to engage in discovery. Now, this underlying application comes only after Defendants filed their Motion for Summary Judgment and 35 days since Plaintiff discovered that they had failed to file the 26(F) Report.

Furthermore, within their ex parte application, plaintiff's counsel falsely declares they make this application "upon discovery of the need to propound discovery and notice of Defendant's deposition". As discussed above, in reality, Plaintiff has known since at least January of 2022 that they would need to move the Court to extend deadlines in order to conduct discovery. After discovering that a trial date had not be set, Plaintiff waited over a month and only after receiving Defendants' Motion to Dismiss and Motion for Summary Judgment to move this Court.  The notion that Plaintiff only just discovered the need to propound discovery is absurd.

Moreover, Plaintiff tellingly argues in their ex-parte application that they both forgot to enter the dates in their calendar and have a policy not to enter dates until a scheduling order is signed. Markedly, without any glimmer of a good faith basis for their underlying application, Plaintiff attempts to throw their legal secretary under the bus to excuse their dereliction and total lack of diligence.

**D.    There would be extreme prejudice to Defendants if the scheduling order is modified**

Permitting Plaintiff to modify the scheduling order and propound discovery now would severely prejudice the Defendants and undermine the legitimacy of the discovery process. Significantly, it is undisputed that the Defendants complied with every discovery deadline the parties previously agreed to. In that regard, the Defendants served their appropriate discovery demands, noticed plaintiff's

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

DEFENDANTS EKO NORTH AMERICA, INC., EKO USA, LLC, EKO DEVELOPMENT, LTD. AND COSTCO WHOLESALE CORPORATION'S OPPOSITION OT PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER FOR LEAVE TO SEEK RELIEF BY MODIFYING UNADOPTED PROPOSED SCHEDULING ORDER

deposition, served their experts disclosures, and filed their Motion for Summary Judgment.

Allowing Plaintiff to now tailor his prosecution to the proffered defense would be an outward rejection of our system of jurisprudence and an manifest punishment of Defendant for their diligence.  Plaintiff should not be rewarded for engaging in what is most innocently described as gamesmanship.

Pointedly, Plaintiff has ignored the public's interest in expeditious resolution of litigation; disregarded this Court's need to manage its docket, one of the busiest in the country, as well as it valuable resources; and would severely prejudice the Defendants if permitted to propound their discovery now.

## III.  CONCLUSION

**WHEREFORE**, in light of the above arguments, Defendants respectfully request this Court dismiss Plaintiff's Ex Parte Application in its entirety and award costs and fees to Defendants.

Dated: April 20, 2022                    Respectfully submitted,

*/s/ Manuel Saldana*
MANUEL SALDANA (SBN:  137060)
msaldana@grsm.com
NICOLE M. ORTIZ (SBN:  315833)
nortiz@grsm.com
SETH NIRENBERG (ADMITTED *PRO HAC VICE*)
GORDON REES SCULLY
MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone:  (213) 576-5054
Facsimile:  (213) 680-4470

Attorney for Defendants
EKO NORTH AMERICA, INC.,
EKO USA, LLC,
EKO DEVELOPMENT LTD and
COSTCO WHOLESALE,
CORPORATION

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

-7-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

## CERTIFICATE OF SERVICE

***Brian Lugrain v. EKO North America, Inc., et al.***

USDC – Central District, Case No.: 2:20- CV-10249-CAS-SK

     I am employed in the County of New York, State of New York.  I am over the age of 18 and not a party to the within action.  My business address is 1 Battery Park Plaza, 28th Floor, New York, NY 10004. On the date set forth below, I served on the party listed below the foregoing document(s) described as:

**DEFENDANTS EKO NORTH AMERICA, INC., EKO USA, LLC, EKO DEVELOPMENT, LTD. and COSTCO WHOLESALE CORPORATION'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER FOR LEAVE TO SEEK RELEIF BY MODIFYING UNADOPTED PROPOSED SCHEDULING ORDER**

     **X BY ELECTRONIC SERVICE:** I electronically served the document(s) by using the electronic mailing system.

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

> Joseph Farzam, Esq.
> FARZAM LAW FIRM
> 11766 Wilshire Blvd., #280
> T: (310) 266-6890
> F: (310) 266-6891
> Email: joseph@farzamlaw.com
> eservice@farzamlaw.com
> *Attorneys for Plaintiff, BRIAN LUGRAIN*

Executed on April 20, 2022, at New York, New York.

       /s/ *Seth Nirenberg*
        Seth Nirenberg

1225416/66571458v.1

-8-